COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-466-CR
 
  
RAMAUD 
RASHAD HOWARD                                                 APPELLANT
A/K/A 
RAMAAD RASHAD HOWARD
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Ramaud Rashad Howard a/k/a Ramaad Rashad Howard was charged with possession of 
four grams or more but less than two hundred grams of cocaine with intent to 
deliver. The trial court denied Appellant’s pretrial motion to suppress 
evidence seized and statements made after Appellant’s warrantless arrest. 
Appellant was found guilty by a jury and, after pleading true to the 
indictment’s enhancement paragraph, was sentenced by the trial court to 
twenty-five years’ confinement. On appeal, Appellant’s sole point challenges 
the denial of his motion to suppress. We will affirm.
        At 
the suppression hearing, the only evidence presented was the testimony of Fort 
Worth police officer Roy L. Hudson. Officer Hudson testified that on July 10, 
2002, as he was performing surveillance on an undercover narcotics assignment, 
he observed Appellant standing on the street corner of Hattie and Tennessee in 
front of an abandoned home, a well-known location for “street dealing” 
drugs. Officer Hudson explained that “street dealing” involves a dealer’s 
flagging down vehicles and selling cocaine to people in the vehicles. He 
testified that he saw Appellant flag down at least four cars from this location. 
On cross-examination, Officer Hudson explained that he did not see a transaction 
between Appellant and the first car because he was driving around the block, but 
he did observe transactions with persons in at least three other cars.
        Officer 
Hudson testified that in the transactions he observed, Appellant would walk up 
to each vehicle that he flagged down, exchange something with the car’s 
occupant, and then walk to a tree beside the abandoned house and put something 
into the tree. Officer Hudson further testified on cross-examination that while 
he did not actually see what was exchanged, he had a “hunch” that Appellant 
was selling drugs because Appellant’s behavior was consistent with that of a 
dealer selling drugs on a street corner.
        Officer 
Hudson relayed this information to his fellow narcotics team members, who 
approached Appellant, detained and handcuffed him, and tried to find the tree 
that Officer Hudson had described to them. When they were unable to find the 
specific tree that Officer Hudson had described, Hudson got out of his car and 
made Appellant walk to the tree to retrieve a plastic bag containing what Hudson 
believed, based on his experience and training, to be cocaine. Officer Hudson 
also testified that he went to the tree to retrieve the bag as well. Appellant 
was then arrested.
        Appellant, 
relying on Stull v. State, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989), 
now argues that Officer Hudson’s “hunch” was insufficient to establish 
probable cause to arrest him. Generally, officers must secure an arrest warrant 
before taking someone into custody. Dyar v. State, 125 S.W.3d 460, 463 
(Tex. Crim. App. 2003). However, an officer may arrest an individual without 
first obtaining a warrant if (1) there is probable cause with respect to that 
individual and (2) the arrest falls within one of the exceptions specified in 
articles 14.01 through 14.04 of the Texas Code of Criminal Procedure. See 
Tex. Code Crim. Proc. Ann. arts. 
14.01-.04 (Vernon 2005); Stull, 772 S.W.2d at 451.  Probable cause 
exists if “the facts and circumstances within the officer’s knowledge and of 
which [he] had reasonably trustworthy information were sufficient to warrant a 
prudent man in believing the arrested person had committed or was committing an 
offense.”  Guzman v. State, 955 S.W.2d 85, 90 (Tex. Crim. 
App. 1997).  Furthermore, under the exception found in article 14.01(b), an 
officer may make a warrantless arrest “for any offense committed in his 
presence or within his view.”  Tex. 
Code Crim. Proc. Ann. art. 14.01(b).
        Applying 
the appropriate standard of review,[2] we hold that 
the facts and circumstances within Officer Hudson’s knowledge at the time of 
Appellant’s arrest were sufficient to warrant a prudent man in believing that 
Appellant had committed an offense.  Appellant’s arrest was based on more 
than an officer’s “hunch.”  Officer Hudson testified that he observed 
Appellant’s flagging down cars, a behavior consistent with drug dealing, in an 
area known for drug activity.  Officer Hudson stated that he observed four 
incidents in which Appellant flagged down a car, and in three of those he 
watched Appellant approach the car, exchange something with the car’s 
occupant, and then walk to a tree and put something into the tree.  While 
Officer Hudson did not see what was exchanged, he testified that, based on his 
experience and training, he believed that Appellant appeared to be selling drugs 
on the street corner.  Even Stull v. State, the case on which 
Appellant relies, recognizes that when police observe behavior that is not 
overtly criminal, if that behavior is coupled with the officers’ prior 
knowledge, it can be sufficient to establish probable cause.  772 S.W.2d at 
451-52.
        Based 
on Officer Hudson’s observations and his prior knowledge and experience, the 
narcotics team approached Appellant and handcuffed him.  Officer Hudson 
made Appellant walk to the tree and located a plastic bag at the base of the 
tree containing what Hudson identified, based on his experience and training, as 
cocaine.  Appellant was then arrested.  Accordingly, Officer 
Hudson’s observations of Appellant’s behavior at a location known for drug 
activity, in addition to Hudson’s experience and training and the substance 
found at the tree that appeared to be cocaine, are sufficient to establish 
probable cause to believe that Appellant was committing the crime of possession 
of cocaine with intent to deliver in Officer Hudson’s presence.  We 
overrule Appellant’s point.
        Having 
overruled Appellant’s sole point, we affirm the trial court’s judgment.
    
   
                                                          PER 
CURIAM
  
   
 
PANEL 
F:   MCCOY, GARDNER, AND WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 26, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Oles 
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Guzman, 955 
S.W.2d at 89.